FILED
 2008 Jan-23  AM 10:34
U.S. DISTRICT COURT
    N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CAROLE LYNNE HOWARD,**   ) | |
| ) | |
| **Claimant,**   ) | |
| ) | |
| vs.   ) | **Civil Action No. CV-07-S-916-S** |
| ) | |
| **MICHAEL J. ASTRUE,**   ) | |
| **Commissioner, Social Security**   ) | |
| **Administration,**   ) | |
| ) | |
| **Defendant.**   ) | |

### MEMORANDUM OPINION AND ORDER

Claimant Carole Lynne Howard commenced this action on May 15, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) improperly considered the opinion of Dr. Walter Mauney, claimant's treating physician, and (2) improperly considered her subjective complaints of pain. Upon review of the record, the court concludes these contentions are without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

Dr. Mauney completed a Physical Capacities Evaluation form on November 22, 2004. He indicated that claimant could lift only ten pounds occasionally or less frequently; could sit for a total of one hour in an eight-hour work day; could stand and walk, combined, for less than one hour in an eight-hour work day; and required an assistive device to ambulate even minimally. He also stated that claimant would be restricted in pushing and pulling movements, climbing, bending, stooping,

2

reaching, and working with or around hazardous machinery.  Dr. Mauney did not elaborate on these alleged restrictions, instead referring only generally to the records of his treatment history with claimant.[1]  Dr. Mauney also completed a Clinical Assessment of Pain Form, on which he indicated that pain was present to such an extent as to be distracting to adequate performance of daily activities or work, that physical activity would increase claimant's pain to such an extent that bedrest and/or medication would be necessary, and that side effects from claimant's prescribed medication would be severe and would limit effectiveness due to distraction, inattention, or drowsiness.  Dr. Mauney also indicated, without elaboration, that claimant had an underlying medical condition consistent with the pain she experiences.[2]

The ALJ refused to give substantial weight to Dr. Mauney's assessment, reasoning that the opinion was not supported by Dr. Mauney's own records or by other medical evidence.  Stated differently, Dr. Mauney "failed to support the extent of [his] opinion with corresponding clinical findings which would substantiate his conclusions."[3]  The ALJ's decision was supported by substantial evidence.  Dr. Mauney did not explain the bases for his restrictive opinion about claimant's abilities,

---

[1]Tr. at 172.
[2]Tr. at 173-74.
[3]Tr. at 19-20.

and he did not even identify the medical conditions that led to the assigned restrictions. The record supports the ALJ's decision that Dr. Mauney's opinion was not supported by his own records,[4] or by the other medical evidence.

The ALJ also properly considered claimant's subjective complaints of pain. To demonstrate that pain or another subjective impairment renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The ALJ did not explicitly recite this standard, nor did she refer to any Eleventh Circuit case law. Even so, this court finds that the ALJ's analysis of the evidence comports with the Eleventh Circuit's standard. The ALJ thoroughly discussed all of claimant's medical records, including those describing claimant's complaints of pain, and she also addressed claimant's subjective testimony regarding pain. The ALJ acknowledged that she was required to evaluate the extent to which claimant's pain "can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. §§

---

[4]*See* Tr. at 172-186, 198-207.

4

404.1529 and 416.929, and Social Security Ruling 96-7p."[5]  Those regulations and

rulings are consistent with the Eleventh Circuit's standard for evaluating subjective

---

[5]Tr. at 19.  20 C.F.R. § 404.1529 provides, in part, that, in determining disability, the Commissioner will "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  20 C.F.R. § 404.1529(a).  The Commissioner cautions claimants that

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment (s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the evidence . . ., would lead to a conclusion that you are disabled.

*Id.*  Stated differently, a claimant's symptoms,

> such as pain, . . . will not be found to affect [her] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present.  Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 404.1529(b).  Section 416.929 contains similar language.  *See* 20 C.F.R. § 416.929(a).  Social Security Ruling 96-7p, which also was cited by the ALJ, states, in pertinent part, that

> [n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.
>
> []When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities.  This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

SSR 96-7p, at *1, 61 Fed. Reg. 34483, 34483 (1996).

complaints of pain.

So considering claimant's subjective complaints, the ALJ concluded her testimony was not credible, and her impairments "have [not] been demonstrated to result in the severe limitations she alleges."[6] *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). Specifically, the ALJ noted that the MRI and X-rays in the record revealed only mild or minimal changes in claimant's spine, and the consultative examiner characterized claimant's scoliosis as mild.[7] The ALJ also discredited claimant's statement that she spent 18 to 20 hours a day in bed, reasoning that such an allegation was inconsistent with the lack of any findings of muscle atrophy in the medical record. Additionally, the ALJ pointed out that claimant stopped working due to a layoff — not due to her physical impairments — and that the medical records do not reflect a significant deterioration in claimant's medical condition since the date of her layoff. Finally, the ALJ noted that claimant failed to comply with recommended treatments, including

---

[6]Tr. at 20.

[7]*See* Tr. at 118-19 (results of June 22, 2001 MRI),127 (results of August 12, 2002 X-ray), 147 (results of October 20, 2003 X-ray), 165 (results of June 7, 2004 X-ray), 148-151 (report of consultative examination by Dr. Jack Zaremba).

an exercise regimen suggested by her rheumatologist.[8] The ALJ's conclusions about claimant's credibility were supported by substantial evidence. *See* 20 C.F.R. § 404.1529(c); SSR 96-7p, 61 Fed. Reg. 34483 (1996).

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 23rd day of January, 2008.

*Lynwood Smith*
United States District Judge

---

[8]*See* Tr. at 163 (November 26, 2004 records from Cooper Green Hospital Rheumatology Clinic, recommending an exercise program with water therapy).